REQUESTED BY: Director, State Department of Public Welfare, Lincoln, Nebraska.
1. Are needy persons of the county, as referred to in state statute 77-1601, the same as those referred to in state statutes 68-1019, 68-1020 and 68-1021?
2. Does section 77-1601 require the county to reimburse the state for the county share of Medicaid assistance as the first priority of county funds?
1. Yes.
2. Yes.
Section 77-1601, R.R.S. 1943, provides that the county board of equalization shall each year, on or before September 1, levy the necessary taxes for the current year. It provides that before levying taxes for any other function of county government, each county shall first levy a tax sufficient to enable the county board to provide medical, surgical and hospital care for needy persons of the county.
This statute clearly establishes a priority for medical, surgical, and hospital care. The Supreme Court of Nebraska addressed the duty of county boards in the case ofMarshall v. County of Nance, 163 Neb. 252, 79 N.W.2d 417, and held that the medical, surgical and hospital care of poor persons should be provided by the county. The court made reference to paupers' section, i.e., 68-103, indicating that the county board had a duty to care for the poor.
In view of the fact that the Supreme Court made reference to Chapter 68, article 1, in Marshall, supra, it is well to review some of the appropriate sections. Section68-105 requires that the county board shall provide the necessaries of life and may place a poor person with a householder. This chapter also grants the county board considerable discretion. For instance, it provides that a strong and able bodied person be required to work as a condition to receiving the county aid as a needy person.
Under section 68-105 the county board is directed to provide the necessaries of life which includes items other than those which are medical, surgical or hospital. A person receiving medical, surgical or hospital care may be receiving food and shelter but this would only be concomitant with the treatment or with the health services.
Under sections 68-103 to 68-128 the county could be furnishing a person with food, shelter, and clothing without there being any need for aid in the area of medical, surgical or hospital care. The above described statutes, 68-103
to 68-128, predate the implementation of medical assistance or Medicaid.
Sections 68-1001 through 68-1025 established a program, Aid to the Aged, Blind, and Disabled, which was known as AABD. It should be noted that section 68-1001 states:
 ". . . Such assistance shall consist of money payments to, medical care in behalf of, or any type of remedial care in behalf of needy individuals."
It is well to note that this statute specifically sets out `medical care' on behalf of needy individuals. The medical assistance was to be available to the Aged, Blind, and Disabled who qualified as to need based on limited resources and to dependent children. (See 68-1020.)
The Statement of Purpose of LB 365 on February 23, 1965, reads as follows:
 "LB 365 establishes a new program of `assistance to the aged, blind or disabled' under the provisions of Title XVI of the Federal Social Security Act. This new program would replace the present categories of old age assistance, blind assistance, and aid to the disabled. Title XVI requires uniform payments and eligibility requirements for all persons. . . ."
One of the statutes which was a subject of your inquiry was section 68-1018 which established the medical assistance program in the State of Nebraska. Another was section68-1019 which sets out the following health services which are included within the program of medical assistance: Inpatient and outpatient hospital care, laboratory and X-ray services, nursing home services, care home services, home health care services, nursing services, clinic services, services of practitioners licensed by the Department of Health, and such drugs, appliances, and health aids as may be prescribed by practitioners licensed by the Department of Health.
It should be noted that the above statute (68-1019) describes the broad scope of coverage under the medical assistance program. Further, it should be noted that it covers nursing home services, which include food and shelter, as well as the specifically described services.
When the Legislature enacted section 77-1601 (prior to the medical assistance program) it mandated that the county boards give priority to the medical, surgical, and hospital care of the needy. It is our opinion that the services available to recipients set out in section 68-1019 fall within the definition of medical, surgical, and hospital care. It is our opinion that all of the charges incurred for individuals in nursing homes are within the purview of section 77-1601 which refers to the medical, surgical, and hospital care of the needy subject, of course, to sections68-126 and 68-127 which provide that the Director of the Department of Public Welfare shall determine maximum allowable charges and per diem costs.
We believe that section 77-1601 is a general statute setting out an intent to care for the needy of a county, and that sections 68-1019, 1020, and 1021 are specific enactments which supplement the provisions of the previous act. In State v. Omaha Elevator Co., 75 Neb. 637,106 N.W. 979 (1906), the Supreme Court of Nebraska held that all statutes on the same general subject are regarded as part of one system, and later statutes are to be considered as supplementary to those preceding them on the same subject. In referring to the statutes being part of one system, the court said:
 ". . . They [the statutes] are to fill up the gaps left by former attempts to mend the evil. It has been said: `In the course of the entire legislative dealing with the subject we are to discover the progressive development of a uniform and consistent design, or else the continued modification and adaptation of the original design to apply it to changing conditions or circumstances. In the passage of each act, the legislative body must be supposed to have had in mind and in contemplation the existing legislation on the same subject, and to have shaped its new enactment with reference thereto.'. . . The rule is that all statutes in pari materia must be taken together and construed as if they were one enactment. . . ."
More recently the Supreme Court of Nebraska has held that all statutes relating to the same subject are considered parts of a homogenous system and all statutes in parimateria must be taken together and construed as if they were one law and effect given to every provision thereof.Peter Kiewit and Sons' Co. v. Douglas County, 161 Neb. 93,72 N.W.2d 467.
As stated previously, section 68-1019 specifically sets out the scope of medical assistance and it includes nursing home services. It is presumed that the Legislature implemented this act with full awareness of section 77-1601 and intended that the later act supplement the one prior to time. It [68-1019] set out a precise listing of those services covered under medical assistance and that listing or definition should be construed in terms of existing section77-1601 which gave priority to medical, surgical, and hospital services.
In view of the above arguments it is our position that the needy persons described in section 77-1601 are the same as the needy set out in section 68-1020. Further, since section 68-1022 provides that twenty per cent of the cost of medical assistance shall be paid by the county and section77-1601 establishes priority, it is our opinion that it is mandatory that the county reimburse the state for the county share of Medicaid assistance as the first priority of county funds.
As to your follow-up question which was not specifically enumerated as to a possible remedy or recourse, we do not feel that it is necessary to discuss the subject at this time in the absence of an actual controversy.